No. ——

First Circuit

———

ADAMS ET AL. v. N. O. T. & M. RY. CO.

———

(December 4, 1928. Opinion and Decree.)

———

See also 164 La. 1011, 115 So. 128.

E. F. Gayle, of Lake Charles, attorney for plaintiff, appellant.

F. E. Powel, of De Ridder, attorney for defendant, appellee.

LECHE, J. The present suit was instituted by the heirs, children and grandchildren of the late Henry W. Ford and Mary E. Ford, his wife, for damages resulting from the death of said Henry W. and Mary E. Ford, who were killed in a collision between their automobile and a train of defendant.

Henry W. Ford and wife had gone to Lake Charles to visit their son, and on their way, returning home, at De Quincy, in the afternoon of April 3, 1925, the Ford runabout in which they were riding was struck by a passenger motor car of the N. O. Tex & Mex. Ry. Co. The automobile was completely demolished, its occupants were fatally injured and both died within a few minutes after the accident. This happened near the limits of the town of De Quincy, about half past five o'clock in the afternoon, where the public highway intersects the tracks of the railroad company.

The highway along which Ford and his wife were traveling runs north and south, and the railroad tracks of defendant are laid across this highway approximately at a right angle. When Ford was about 60 feet from the railroad tracks he stopped short, then resumed his journey and approached the crossing at a very moderate speed and did not again stop until his automobile was struck by the motor car coming from an easterly direction. The speed of the motor car is said to have been between fifteen and twenty miles per hour. The preponderance of the testimony shows that the usual danger signals, such as may be given by a train of this kind, were duly given. At the point where Ford had stopped his automobile, there was a large bill posting board which completely obstructed his view towards the east, the direction from which the motor car was coming and the noise from the motor of his own automobile likely prevented him from hearing the approaching train. After he had passed the obstruction to his vision he evidently did not look any more, for if he had done so, he would have had ample time, considering the slow movement of his automobile, to see that the motor car was about to cross the highway. The unfortu-

nate victim of the accident did not use the precautionary measures necessary to insure his own safety and he was killed by his ·own lack of prudence and not by the negligent act of defendant's servants and employees.

The District Judge so found and we believe that his conclusion is well sustained by the evidence in the record.

· The rule which requires the occupants of a vehicle to stop, look and listen before crossing a railroad track, first adopted in the jurisprudence of all the States in the Union, and now prescribed in this State by statutory enactment, has for its purpose the safety of the traveling public. It is easier to stop an automobile than to stop a railroad train and the comfort and convenience of the traveling public is immeasurably better served by requiring the automobile to yield the right of way to the railroad train. The stop signs along highways are designed to enable the occupants of automobiles to look and listen before entering within the danger line. Such stop is of little benefit where the traveler can neither see nor hear. It is as much the duty of the traveler to look and listen as it is to stop. The greater the difficulty of seeing and hearing the greater the duty to take precautionary measures. It was held in Callery vs. Morgan's L. & T. R. R. & S. S. Co., 139 La. 763, 72 So. 222, that because of the fact that a collision between a railroad train and an automobile endangers, not only those in the automobile, but also those on board the train, and also because the car is more readily controlled than a horse drawn vehicle and can be left by the driver, if necessary, the law enacts from him a strict performance of the duty to stop, look and listen before driving upon a railroad crossing, where the view is obstructed, and to do so at a time and place where stopping, looking and listening will be effective.

We believe that the judgment appealed from is correct and should be affirmed.

And it is so ordered.